UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DELILAH JOHNSON | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. 20-cv-06202 |
| v. | ) | |
| | ) | |
| CMRE FINANCIAL SERVICES, INC. | ) | Jury Demanded |
| | ) | |
| DEFENDANT. | ) | |

## COMPLAINT

Plaintiff, Delilah Johnson, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, Defendant's failure to report to a credit reporting agency that the debt is disputed creates a real risk of financial harm caused by an inaccurate credit rating. *Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337, 346 (7th Cir. 2018).

## PARTIES

1

5. Plaintiff, Delilah Johnson ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt for a defaulted medical debt allegedly owed to West Suburban Medial Center ("alleged debt"). Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

6. Defendant CMRE Financial Services, Inc. ("CMRE") is a California corporation authorized to do business in Illinois. It maintains a registered agent in Illinois at C T Corporation System, 208 So LaSalle Street, Suite 814, Chicago, Illinois 60604.

7. CMRE is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. CMRE is a licensed collection agency in the State of Illinois.

9. CMRE regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is therefore a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

10. According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for a Western Suburban Medical Center medical consumer account, account number beginning with T790V ("alleged debt").

11. The account was used primarily for personal and household items, including clothing.

12. The alleged debt is thus "debts" as that term is defined at § 1692a(5) of the FDCPA.

13. Due to her financial circumstances, Plaintiff could not pay any debts, and the alleged debts went into default.

14. CMRE subsequently began efforts to collect the alleged debts.

15. In response to collection attempts by Defendant, Plaintiff consulted with the attorneys at Community Lawyers Group, Ltd., who, on July 31, 2020, sent a letter to CMRE indicating that Plaintiff disputed the alleged debt. (Exhibit A, Dispute Letter).

16. CMRE received Plaintiff's dispute via certified mail on August 4, 2020.

17. Plaintiff's letter stated, in part, that the amount reported is not accurate.

18. A statement that "the amount reported is not accurate" evinces the intention to dispute the validity of at least a portion of the purported debt. *Evans*, 889 F.3d at 377. "There is simply no other way to interpret this language." *Id.*

19. On August 23, 2020, CMRE communicated credit information regarding the alleged debts to the TransUnion consumer reporting agency, including a balance, an account number and the date reported. (Exhibit B, Redacted Excerpt from Plaintiff's TransUnion Report).

20. CMRE failed to communicate that either alleged debt was disputed when it communicated other information to TransUnion regarding the alleged debts.

21. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

22. CMRE failed to communicate a dispute to the TransUnion credit reporting agency, in violation of 15 U.S.C. § 1692e(8), when it knew or should have known about the dispute and communicated other information regarding the alleged debts to the credit reporting agency.

23. Credit reporting by a debt collector constitutes an attempt to collect a debt. *E.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

24. CMRE materially lowered Plaintiff's credit score by failing to note Plaintiff's dispute.

25. A debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

26. Defendant's collection efforts, including the damage to her credit score, cause negative emotions including general annoyance, aggravation, and other garden variety emotional distress.

27. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

29. CMRE failed to communicate a dispute to the TransUnion credit-reporting agency, in violation of 15 U.S.C. § 1692e(8), when it knew or should have known about the dispute and communicated other information regarding the alleged debts to TransUnion.

WHEREFORE, Plaintiff respectfully asks this Court enter judgment in Plaintiff's favor and against Defendant as follows:

    A.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    C.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Michael Wood
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers LLC**
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Ph: (312) 757-1880
Fx: (312) 265-3227
mwood@communitylawyersgroup.com